The case is set for ten minutes per side. If you'd like to make a rebuttal argument, please stop short of using up the whole ten minutes. My name is Adam Rubin on behalf of Mr. Perez-Diaz. The issue I'd like to talk about is the reversible error I think the District Court made by not giving the jury instruction, that is, the theory of the defense. The theory of the defense in the jury instruction that was not given dealt to a third party culpability. That is, that Julio, the mechanic, was responsible for hiding the methamphetamine in the vehicle. No other jury instruction set out that theory. The second sentence of the first paragraph of the jury instruction, ER 46, states, quote, Mr. Perez asserts that he was tricked into driving the truck across the border by Julio, the mechanic, who hid the drugs. You know, I read the proposed instruction, and I read your brief, and I read what the District Court said, and it seems to me your proposed instruction was a jury argument. In other words, none of those things were determined as a matter of law. What the jury needed to know was what's the legal structure for consideration of the evidence that your client put in on the theory of defense. But that was simply a jury argument. An accused is entitled to a defense. He's entitled to a defense. He's not entitled to have the trial judge make a jury argument for him. He's entitled to a jury instruction on any defense providing a legal defense and having some foundation in evidence, even though that evidence is weak, sufficient, inconsistent, speculative, and, I submit, argumentative. Well, the defense was I didn't do it. That's all the jury had to know, right, from the judge. No matter of law. If he didn't do it, he's not liable. This case is different from the other cases in that there was third-party culpability evidence. Here there were three witnesses that testified about the theory that Julio, the mechanic, hid the drugs in the vehicle. That's a fact in support of that theory, right? Correct. There are other facts in support of that theory, but the district judge doesn't have to instruct specifically. If you find this, and if you find that, and if you find the other thing, this follows. The district court doesn't have to put in the exact words, but I submit that they have to put in the theory that's submitted for third-party culpability. The theory of the defense is I didn't do it, right? Yes. Someone else did it. Yes. That's all he has to instruct. No. I disagree. And I disagree because the theory here was more than lack of knowledge. The jury instruction given did not otherwise cover defendant's third-party culpability. That is, someone else committed the crime. To take two sentences... If I could just ask you, if somebody says, I didn't know the drugs were in the car, doesn't that imply someone else put them there? Yes, but without some foundation in evidence, there's nothing more than the lack of knowledge instruction. The two sentences that I'd like to bring to the court's attention from the district court... The district court stated that there was testimony that Julio exists, ER-299. The district court also stated, the second sentence, that there was an inference that if Mr. Perez-Diaz did not know the drugs were there, then Julio must have done it, ER-299. A right to offer a defense is of third-party culpability from this court's ruling. What's your best case that says that the district court, in giving a theory of defense instruction, has to recite the defense's position on the facts that support the defense? Isn't that for the lawyer to say? United States v. Escobar de Bray. And it went this far in saying the district judge must put in this much detail. Mr. Perez asserts that he was tricked into driving the truck across the border by Julio the mechanic, who hid the drugs inside the dashboard. Julio planned to take possession of the truck in El Centro, where unbeknownst to Mr. Perez, Julio would remove the methamphetamine. Now, that's maybe a perfect lawyer argument, but where has any court said that the district court has to say that in an instruction? It doesn't. The only thing that I am arguing is that the second sentence of that first paragraph should have been included in the jury instruction. The rest of it, if it wasn't included, I wouldn't have an issue here. The second sentence was? Mr. Perez? Asserts. Yes. That he was tricked into driving the truck across the border by Julio the mechanic, who hid the drugs inside the dashboard ER 46. And that's what the lawyer says, isn't it? Once the legal theory is put into the case by the judge's instruction, then the lawyer's job is to get up and tell the jury how that legal theory fits with the facts. Isn't that right? Isn't that what lawyers do? Yes. Okay. Well, let's, help me understand the general standard here. General standard, if you challenge the jury instructions, gives the district court some discretion, right? So long as the theory of defense is adequately pleaded or is adequately covered. It's my understanding that it gives the district court, they don't have to use the exact words. But unlike the other cases before the court, this case offered third-party culpability, which is fundamental in a defense. That someone else did it. Evidence that someone other than the defendant may have committed the crime is critical exculpatory evidence that the defendant is entitled to induce. And that's language from Payton v. Woodford, 2002. Before your argument's over, are you going to address sentencing? Okay. Do you have a book or problem? Do you want it sent back for re-sentencing? Yes, Judge. Okay. You're not waiving it? No. Okay. Well, some do, because it can't get worse. I'm not waiving it. Okay. If you'd like to keep some time for a rebuttal argument, I... The one last thing I... Now or you can proceed later. One last thing I want to say about the jury instructions. At the beginning of the case, the government got to read its theory of the case, that is, the indictment. And not reading the defendant's theory in this case sent a message, I believe, to the jury that the theory was not worth discussing in deliberations. And not reading the defendant's theory of the jury instruction eviscerated the legitimacy of the evidence presented by the defense. I'll save the rest for rebuttal. Thank you. Thank you very much. Good morning, Your Honors. Let me first address the site that Mr. Rubin indicated. The court asked, what's the best case regarding jury instructions that you have that the district court should have read the entirety of the jury instructions? He cited Escobar de Bright. That is a case in which the person was tried and convicted of conspiracy to, I think, traffic narcotics. And the key there was that the defendant asked through the defense counsel, give me a jury instruction which says that if I only conspired with a government agent, I can't be found guilty of conspiracy. That was denied by the district court in Escobar de Bright. That was reversible error. That is not the case here. Look at what was actually offered and what was given by the district court. What was offered in that jury instruction is, in fact, I did not know. I did not know. Therefore, I did not put it there. And I do not know. Then the suggestion goes on to talk about not just the theory of the defense, but supposed facts that was possibly proven. The key there is the word possibly. It was never proven at all. Julio may exist. Julio may be a mechanic. Julio may be a mechanic that exists that actually worked on the car owned by the defendant. But there is absolutely no evidence whatsoever that was presented by the defense at trial, or I should even say at sentencing, that shows that Julio was responsible for placing the drugs there. Perhaps he had opportunity. Perhaps he had possession over the car at a certain time. But that does not rise to a level of a jury instruction. As Judge Nelson indicated, jury instructions are to determine or to give and advise the jury structure, the legal structure, for the jury to consider the evidence. It's not to provide argument. And this is another type of case where I think Mr. Rubin sent in a 28-J letter indicating, you know, there is a whole line of cases the Ninth Circuit says that if there is third-party culpability, we should be able to talk about third-party culpability in argument. You bet the district court allowed third-party culpability argument to be mentioned, to be argued, all throughout closing argument by the defense. It wasn't precluded from doing so. None of those cases that Mr. Rubin cited in the 28-J letter regarding third-party culpability had any issue to do with whether a jury instruction was offered and then denied by the district court. The fact of the matter is the district court allowed and the defense was able to put in front of the jury what their argument was, that Julio was to blame, that Julio was the person who did it. What's the government's position as to how the instructions given fairly permitted defendant, if they did, to present the theory of the defense? Well, I think the first line of the offered paragraph by the defense was actually read to the jury verbatim, that the theory of the defense is that Mr. Ramon Diaz, Ramon Perez Diaz, did not know. Did not know. And that really is the crux of any jury instruction regarding a transportation or possession with the intent to distribute narcotics. If he didn't know. Well, the second sentence I read, Mr. Perez asserts that he was tricked into driving the truck across the border by Julio, the mechanic, who hid the drugs inside the dashboard. And what is, just hearing that, Your Honor, what does that sound like to you? That sounds like argument. That sounds like something a defense attorney or an attorney is going to say at argument. That is not something for the trial court to say, using those words. That is the argument. And this is the worst case. If there was a situation in which there was evidence that Julio really existed, dealt with drugs, did, in fact, say somehow that he dealt with drugs in the past, then it would be a whole different situation. This is an instance, however, in trial, the defendant himself took the stand. He was asked under cross-examination, okay, you say Julio exists. You say he worked on your car. He had access to your car. Do you know that he deals with drugs? No, the defendant says himself. All he says, even connected with drugs as well, I believe he is somewhat of an addict, and that is all. The son who takes the stand, the defendant's son who takes the stand at sentencing hearing, says absolutely nothing about Julio's connection to narcotics, methamphetamine, or otherwise. And that's the key here. You know, the court, the district court recognized this itself when it says, you know, if there was some evidence of Julio, it certainly is that there's some evidence that he exists. If there's any evidence of Julio, it's about he exists and he's a mechanic. But there is absolutely a void. There is absolutely no evidence regarding Julio's connection to methamphetamine. And that dovetails into other sections I think I would assume this court is possibly more interested in. I know Judge Beezer had asked questions about sentencing, and I'm privileged to be in front of Judge Nelson here, who is the author of Sherpa and Strusta. And I think, quite frankly, that is the concern this panel may have about this case. The government never argued, and I'll repeat this again. You know, I repeated it at sentencing level, at the trial level. The government's position is not just because a defendant says he didn't do it, that he had no knowledge of it, pretrial, trial, and then even at sentencing. We're not saying that a person in that situation should not get safety bail because he was convicted. That's too easy, and Judge Nelson tells us that that is flat wrong. We never had that position at district court, and we don't have that position now. What is different here about Sherpa and Strusta in relation to this case is that the eyes and ears of this court, the district court, made findings about the defendant, Mr. Perez-Diaz. He saw Mr. Perez-Diaz throughout pretrial. He saw Mr. Perez-Diaz testify at trial. And more importantly, he gave Mr. Perez-Diaz time and time again at least two occasions to go back, adjourn the sentencing hearing, and practically, quite frankly, begged him. Didn't he make a finding that the requirement that the defendant tell all essentially wasn't satisfied? Right. That's factual, but what about the Booker? Isn't there a Booker error here? I'm not sure what this court means by Booker error. If the court is saying that the record is devoid of any mention by the district court on whether it was in a thought process that it was so constrained by, at that time in their mind, potentially in the district court minds, that the sentencing guidelines were so mandatory he had no other choice but to sentence to 235 months, that may be true. The district court didn't recognize that the sentencing guidelines were advisory only, right? It was silent on that. Well, then I assume that what he did was take the pre-sentence report, follow it, and stayed within the range, and that was that, right? It wasn't as — Like he felt bound by the law. There's no indication on the record either way. I should say, however, there is clear indication by the district court in three sentencing hearings that he had, in fact, given every opportunity and listened to the defendant as it relates to every and any adjustment that they asked for. No acknowledgement that the guidelines are not mandatory by the district court. That's correct. We're going to send it back at the request of a defendant and have it re-sentenced so that it's clear on the record of sentencing that the court recognizes the guidelines are merely advisory. That's correct. That's what they have to do to comply with the Supreme Court. Yes, and that's what we suggested be done in our report. By coming in here and you've had it repeated, they say, no, I'll take what I got, and they got a low guideline or even farther, and they said, just leave it alone, Your Honor. We don't want to go back. I think that the court guard case in this setting where there's a preserved Sixth Amendment challenge requires that we vacate the sentence and rename it to re-sentence. Merely because of what Judge Beezer indicated, that the record is void of any statement by the district court as to whether he felt, the district court, that is, felt it was mandatory or not, the guidelines. I understand that, and we stated that. But the judge also determined the quantity of drugs. Well, not necessarily. I mean, certainly the court has the ability and the power to determine the amount of drugs. But he has the ability and power to do that if the guidelines are advisory. He doesn't have the ability and power to do that, viewing them as mandatory. Yes, I agree with that. But the reason why I say not necessarily, because in this instance, recall the verdict form itself. We were in that limbo period between Booker and MLI, Blakely, I should say, and MLI. And what we did, what the district court did, and what the government insisted on, is have special verdict forms. If you find the person guilty, do you also find, beyond a reasonable doubt, that the person dealt with or smuggled, in this instance, an amount of drugs that was above 500 grams? I thought the judge made a determination beyond 500 grams. In other words, I thought he did the specific number of grams, 2,000 or whatever. 2,100 or so grams. So the judge made a quantity determination that went beyond what the jury did. Yes, but I should remind the court, and I'm sure the court realizes, there was a third question in the verdict form as well. If you determine, beyond a reasonable doubt, that the defendant dealt with above 500 grams, how much methamphetamine do you believe the defendant dealt with? And that was answered as well. And then the jury wrote that in. They said what? 2,187 grams. That finding wasn't required to be made beyond a reasonable doubt. That's right. However, the defense argues that it should have been. And that, quite frankly, doesn't make sense to me. Because what is required, and what we did, is ask the jury to find beyond a reasonable doubt if it raises the statutory maximum. I thought that was the whole point of Booker. That if it's going to affect the sentence, which the precise quantity does, it has to be determined beyond a reasonable doubt. If I may, I believe what Booker says is that if it affects the statutory maximum. But it defined the statutory maximum to cover where you would be in the guidelines if you view them as mandatory. That's what I said. So you have to view them as discretionary. I understand that. We're dealing. View them as mandatory, but the quantity determination wasn't beyond a reasonable doubt. That's correct. Nor does Booker require that. Nor does Apprendi require that. What is required is that if the jury has to make a determination as to whether there is a possibility that the statutory max is going to be higher. And in this instance, when we indicted, when the government indicted above 500 grams, it meant that the available life was the statutory maximum, not 10 years, not 20 years. But Booker, I could be wrong on this, but I thought Booker plainly redefined or characterized statutory maximum not just as the maximum under the statute, but the maximum to which you would be sentenced under the guidelines. I agree with that. That's absolutely correct. It seems like that ought to be the end of the story. Right. And it is. What I'm saying is that Mr. Perez-Diaz was sentenced to just under 20 years, certainly below the statutory maximum, which is life, when the jury finds beyond a reasonable doubt that he dealt with methamphetamine above 500 grams. We gave adequate notice at indictment. And we gave adequate notice prior to that by the special reporting board. But the board still made a guidelines determination that hinged on the quantity determined by the jury? Not beyond a reasonable doubt. On that particular amount. But the key, again, and I apologize if I seem to be repeating myself. I understand exactly what you're saying. It's the high amount. I think it's inconsistent with Booker and with what we've said in Congress. I'm not sure what the Court means by being inconsistent. Again, Booker looks at statutory maximums. When we charge a 500-gram or more methamphetamine, the statutory maximum becomes life, available life. And that is what they were on notice of. In this instance, the district court. Well, here's what I'm saying. Even if the statutory maximum under the statute is life, I thought what Booker said was if the guidelines calculation would be five years less than life, it would be something less than life. And if that guidelines calculation is changed under a mandatory system by something determined not by the jury beyond a reasonable doubt, that's a Sixth Amendment violation? I think the inquiry. I'm certain that's what they said in Booker. I understand that. I believe that that's correct. However, I should say the inquiry should end at the point where the statutory max is changed. That is what is crucial to be proven beyond a reasonable doubt in front of a jury. And that is crucial as to what is required in terms of notification to the defendant, that there is a possibility that he could get life because he's dealing with 500 grams or more, changing the statutory maximum from 20 years to an available life. And once, I should say this at the very end, the Department has a new position in that. I shouldn't say new position, but a very, I think, now uniform position that I'm sure the Court is aware of. The position of the Department, and we didn't put that in this particular brief, is that once the person, the defendant, is sentenced to within the guideline range, that is per se and presumptively reasonable. Their attack at the very end is to say this sentence that was given to my client was unreasonable. Well, on its face, it can't be unreasonable because it's well within the guideline. Unless they have a preserved Sixth Amendment challenge. And we admitted that. So they have a preserved Sixth Amendment challenge. That isn't the reasonableness inquiry. That's saying that facts were determined other than by a jury beyond a reasonable doubt that set my sentence. Yes. However, the maximum was found beyond a reasonable doubt. The maximum in a literal sense was beyond that. But the statutory maximum, as interpreted in Booker, as the amount of the sentence someone would get under a mandatory guideline, was impacted by the quantity determined. I admit that that's true simply because at the very end of the day, the District Court looked at the amount of drugs, looked at the guideline range, and sentenced on the guideline range. Well, we've gone way over. Thank you very much, Your Honor. This is unscripted. The District Court judges in San Diego County do a lot of border busts. Some people know what they got in their car, and there's actually people who don't. Either way this court goes, published or unpublished, it's going to affect how the jury instructions are done there. Whether they give one sentence, the person didn't know there was drugs in the car, or it goes on to give a bit more of a third-party culpability instruction. We're requesting that this court take the bull by the horns on this one. Escobar to Brites, the language in there is great for someone like me who's arguing on behalf of someone who's convicted in this particular situation, but there's nothing really for the judges down there to grab on, and they're going to be watching this case. Thank you. Thank you very much. All right, we thank both counsel for their fine arguments, and the case of United States v. Perez-Villal shall be submitted.
judges: Beezer, Gould, T. Nelson